UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rogelio TORRES VELASQUEZ,<br><br>        Petitioner,<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>        Respondents. | Case No.: 25-cv-3046-AGS-DEB<br><br>**ORDER REQUIRING RESPONSE** |

 Petitioner Rogelio Torres Velasquez seeks a writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant a response. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting use of those Rules to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id*.

 Torres Velasquez alleges that he's been in immigration custody since "August 26, 2025." (ECF 1, at 2.) He claims to be subject to mandatory detention and "categorically ineligible for a bond hearing under" 8 U.S.C. § 1225(b), and he has thus been denied bond during the pendency of removal proceedings. (ECF 1, at 2, 10.) This is because a Board of Immigration Appeals' opinion in "*Matter of Yajure Hurtado*" held that "noncitizens who entered without inspection and were later apprehended in the interior are categorically ineligible for bond hearings." (ECF 1, at 13.) Petitioner charges that detention based on *Yajure Hurtado* "violates the plain text of the INA, decades of longstanding agency practice, and the constitutional guarantees of Due Process." (*Id.* at 2.)

1

This challenge has sufficient potential merit to warrant a response. Functionally identical cases across the country have been found to have a "likelihood of success on the merits" or have resulted in the writ being issued. *See, e.g.*, *Mosqueda v. Noem*, No. 5:25-cv-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025) ("[T]he Court concludes that petitioners are likely to succeed on the merits of their claims because section 1226(a), not section 1225(b)(2), likely governs their detention."); *Vazquez v. Feeley*, No. 2:25-cv-01542-RFB-EJY, 2025 WL 2676082, at *11 (D. Nev. Sept. 17, 2025) (same); *see also Rodriguez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice."); *Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 (E.D. Va. Sept. 29, 2025) ("Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, as at least thirty federal district courts around the country, including two in this Circuit, have concluded when faced with habeas petitions from comparably situated petitioners.").

By **November 26, 2025**, respondents must answer the petition. Any reply by petitioner must be filed by **December 10, 2025**. The Court will hold oral arguments on the petition on **December 17, 2025**, at **10:00 a.m.**

Dated:  November 12, 2025

Hon. Andrew G. Schopler
United States District Judge